IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 2:22-cr-283 |
| HUTHAYFA ALMASSRI | |

FILED
NOV 09 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity<br><br>From on or about June 14, 2022, until on or about October 16, 2022 | 18 U.S.C. § 2422(b) |

### II. ELEMENTS OF THE OFFENSE

A.  As to Count 1:

In order for the crime of Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity, in violation of 18 U.S.C. § 2422(b), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly used a facility or means of interstate or foreign commerce to persuade, induce, entice or coerce an individual under the age of eighteen (18) years to engage in sexual activity, or attempted to do so;

2. That the defendant believed that such individual was less than eighteen (18) years of age; and

3. That the defendant could have been charged with a criminal offense for engaging in the sexual activity.

Title 18, United States Code, Section 2422(b).

### III. PENALTIES

**A. As to Count 1: Attempted Coercion and Enticement of a Minor to Engage in Illegal Sexual Activity (18 U.S.C. § 2422(b)):**

1. Imprisonment of not less than ten (10) years and not more than life (18 U.S.C. § 2422(b), effective July 27, 2006); however, if the defendant has a qualifying prior sex offense conviction (meaning a conviction for an offense under Title 18, United States Code, Chapters 117, 109A, 110 or Section 1591, or the laws of any state for an offense consisting of conduct that would have be an offense under Title 18, United States Code, Chapters 117, 109A, 110 or Section 1591, if the conduct had occurred within the special maritime and territorial jurisdiction of the United States), the maximum term of imprisonment shall be 3 times the term of imprisonment otherwise provided, unless Section 3559(e) applies (18 U.S.C. § 2426, effective Dec. 21, 2018). Section 3559(e) applies where a person who is convicted of a federal sex offense in which a minor is the victim has a prior sex conviction in which a minor was the victim. In that case, the person shall be sentenced to life imprisonment, unless the sentence of death is imposed.

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of at least 5 years and up to life (18 U.S.C. § 3583(k)).

    4.    Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(A).

With respect to Count One, an additional special assessment of $5000.00 must be imposed as the offense was committed after May 29, 2015 and the offense is located within Chapter 117 of Title 18, United States Code. 18 U.S.C. § 3014(a).

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

    Respectfully submitted,

    CINDY K. CHUNG
    United States Attorney

    */s/ Heidi M. Grogan*

    HEIDI M. GROGAN
    Assistant U.S. Attorney
    PA ID No. 203184